[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12914
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00009-WLS-TQL-5


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYREE BENNETT,
a.k.a. T.J.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(June 5, 2015)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Tyree Bennett was charged with one count of conspiracy to possess with intent to distribute cocaine in excess of 500 grams and marijuana in excess of 100 kilograms. Shortly after his arrest, Bennett agreed to an interview with certain agents of the Georgia Bureau of Investigation and other law enforcement agencies. During that interview, Bennett and the agents discussed the possibility that a third party would "cooperate" with law enforcement on Bennett's behalf in order to increase the likelihood that Bennett would receive a shorter sentence. See U.S.S.G. § 5K1.1; 18 U.S.C. § 3553(e). What the agents did not know was that Bennett was planning to pay the third party to cooperate and to market a cooperation-for-hire scheme to inmates seeking sentence reductions. See Fed. R. Crim. P. 35(b). Bennett later wrote the would-be cooperator a nine-page letter detailing the scheme, promising him "at least 20,000 dollars in cash or cars" as long as he kept the business "on da low." He then pleaded guilty as charged. As Bennett awaited sentencing, the government got ahold of his letter and learned of his secret business plan. The bottom line for Bennett wasn't pretty: instead of receiving a shorter sentence, he received a two-point enhancement for obstruction of justice, see U.S.S.G. § 3C1.1, and lost the three-point reduction he otherwise would have received for acceptance of responsibility, see id. § 3E1.1. He is now serving a 156-month sentence.

Bennett contends that the district court erroneously applied the enhancement for obstruction of justice. To decide that issue, we review the district court's findings of fact for clear error and its application of § 3C1.1 to those facts de novo. See United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006).

In relevant part, § 3C1.1 provides for a two-level increase to the defendant's base offense level if "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing" of his offense of conviction, and "(2) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. We have interpreted the term "willfully" to mean that "the defendant must consciously act with the purpose of obstructing justice." Massey, 443 F.3d at 819. We have also said that "the relevant question is whether the obstructive conduct occurred during the course of the investigation, prosecution, or sentencing of the offense of conviction or a closely related offense." United States v. Doe, 661 F.3d 550, 566 (11th Cir. 2011) (alteration and quotation marks omitted).

The district court properly applied the obstruction of justice enhancement. Bennett understood that he would likely secure a shorter sentence via a government-sponsored motion under United States Sentencing Guidelines § 5K1.1 if a third party cooperated with the government on his behalf. He also understood

3

that paying the third party to cooperate (and running an illegitimate cooperation-for-hire business) was not what the government had in mind.  Otherwise, he would not have instructed his would-be business partner to keep their dealings "on da low."  In short, Bennett willfully attempted to conceal information from the United States Probation Office that would tend to influence his sentencing.  That conduct falls within § 3C1.1.  Cf. U.S.S.G. § 3C1.1 cmt. n.4(H) (noting that obstructive conduct under § 3C1.1 includes "providing materially false information to a probation officer [with] respect to a presentence or other investigation for the court"); id. cmt. n.6 (defining "material" information as "information that, if believed, would tend to influence or affect the issue under determination"); Doe, 661 F.3d at 565–67 (noting that Application Note 6's "threshold for materiality is conspicuously low") (quotation marks omitted).

Bennett's arguments to the contrary are unconvincing.  First, he argues that § 3C1.1 does not cover his allegedly obstructive conduct because that conduct is not specifically listed among Application Note 4's numerous examples.  See U.S.S.G. § 3C1.1 cmt. n.4.  But Application Note 4 specifically states that its list of examples of covered conduct is "non-exhaustive."  Id.  And Application Note 3 provides that obstructive conduct is a broad concept that "can vary widely in nature, degree of planning, and seriousness" and "is not subject to precise definition."  Id. cmt. n.3.  Second, Bennett argues that he did not have the state of

4

mind required under § 3C1.1 because, "[a]lthough [his] intent was driven by his hope to obtain a sentence reduction, that intent does not amount to a criminal intent." That argument misses the mark. As the district court explained to Bennett at his sentence hearing, although there is nothing wrong with "want[ing] to cooperate and [to] get the benefit of [that cooperation]," the "particular method or means of doing so" that Bennett chose was corrupt, and Bennett knew it. He willfully attempted to obstruct the administration of justice with respect to his sentencing, and that conduct fell within § 3C1.1's broad scope.

Finally, we note that the written judgment contains scrivener's errors because it: (1) states that Bennett was convicted of one count of conspiracy to possess with intent to distribute cocaine in excess of 500 grams and marijuana in excess of 100 pounds, instead of 100 kilograms; and (2) omits any reference to 21 U.S.C. § 841(b)(1)(B)(ii). Compare Doc. 279 (superseding information), and Doc. 280 at 3 (plea agreement), with Doc. 369 at 1 (judgment). We remand for the limited purpose of correcting those scrivener's errors. See, e.g., Massey, 443 F.3d at 822 (noting that this Court "may sua sponte raise the issue of clerical errors in the judgment and remand with instructions that the district court correct the errors").

**AFFIRMED IN PART, REMANDED IN PART.**